IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JAMES TROY BROOKS

-vs-

UNITED STATES OF AMERICA

Case No. A-13-CA-237-SS
[A-11-CR-340-SS]

### TRANSFER ORDER

BE IT REMEMBERED on the 25th day of March 2015 the Court reviewed the file in the above-styled cause, and specifically Defendant James Troy Brooks's correspondence, which has been construed as a Motion to Alter or Amend Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Brooks requests the Court to resentence him to 60 months. He suggests the Court should have considered a sentencing range of 41-51 months to avoid a sentence greater than necessary. Brooks contends the Court has the authority to reconsider its final judgment in his case due to the denial of his § 2255 motion. Having considered the motion, the case file as a whole, and the applicable law, the Court issues the following opinion and order.

#### BACKGROUND

On June 21, 2011, Brooks was charged in a four-count indictment with: conspiracy to make, utter and possess one or more counterfeited and/or forged securities of an organization with the intent to deceive other person(s) and organization(s), in violation of 18 U.S.C. §§ 513(a), 371 (count one); and aiding and abetting with others to make, utter and possess counterfeited and/or forged

securities of an organization with the intent to deceive other person(s) and organization(s), in violation of 18 U.S.C. §§ 513(a), 2 (counts two through four).

Brooks pleaded guilty to all four counts on July 15, 2011, without a plea agreement. The Court sentenced Brooks on September 30, 2011, imposing an upward variance, and sentencing Brooks to sixty-months imprisonment for Count One, and three eighty-four month sentences for Counts Two through Four, all to run concurrently. Brooks was additionally ordered to pay $88,641.71 in restitution to defrauded banks and retailers, and a $400.00 special assessment. Brooks appealed his sentence, but not his conviction. *Id.* at 1. On direct appeal, his sentence was affirmed. *Id.* at 7.

On March 21, 2013, Brooks filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court denied the motion on August 29, 2013.

### ISSUES PRESENTED

On March 18, 2015, the Court received correspondence from Brooks, who requests the Court to reconsider his sentence.

### APPLICABLE LAW

Brooks's motion must be regarded as a successive § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 & n. 4 (2005). However, Brooks has not obtained leave to file a successive motion. *See* 28 U.S.C. § 2244(b)(3)(A); § 2255. Because section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one," the district court is without jurisdiction to consider the action. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Pursuant to the amendments to §§ 2255 and 2244(b), the Court finds that this successive motion should be

transferred to the Fifth Circuit Court of Appeals, because Brooks has not obtained prior approval to file the motion. *In re Epps*, 127 F.3d 364 (5th Cir. 1997).

## CONCLUSION

In accordance with the foregoing,

IT IS ORDERED that Defendant James Troy Brooks's Motion to Alter and Amend [#58] is construed as a successive § 2255 motion and is TRANSFERRED to the Fifth Circuit Court of Appeals.

SIGNED this the 25th day of March 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE